Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GREIG, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CONTINENTAL CREDIT CONTROL, INC., <br><br> Defendant. | Case No. 2:24-cv-5770 <br><br> **Class Action Complaint For Violations Of:** <br><br> **1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.** <br><br> **Jury Trial Demanded** |

## Introduction

1.  This case arises as a result of false, deceptive, and unfair debt-collection practices promulgated nationwide by Defendant, CONTINENTAL CREDIT CONTROL, INC. ("Defendant"), in its collection letter campaigns wherein Defendant misrepresents consumer and debtor rights.

1
**CLASS ACTION COMPLAINT**

2. In particular, Plaintiff, CHRISTOPHER GREIG ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers and debtors by systematically sending them mail-based collection correspondence that overshadow the disclosure requirements under Federal statutes and omits crucial disclosures of consumer rights that are inconsistent with the disclosure requirements aforementioned in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a) & 1692g(b).

3. Plaintiff alleges that Defendant made such misrepresentations and omissions in its communications with Plaintiff in connection with the alleged debt described herein.

4. Such conduct is inherently deceptive and misleads the least-sophisticated consumer.

5. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments without apprising them of their rights under both Federal and State laws.

6. Thus, Plaintiffs bring class action claims against Defendant, under the FDCPA, which was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e).

**Jurisdiction and Venue**

7. The Court has jurisdiction over Plaintiffs' FDCPA cause of action pursuant to 28 U.S.C. §1331.

8. Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant maintains its principal place of business in Santa Barbara, California, and therefore resides within this judicial district.

///

## The Parties

9. Plaintiff is a natural person residing in York, Maine who is allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is alleged to be due and owing, thereby rendering her a "consumer" under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §1788.2(h).

10. Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6.

11. Furthermore, Defendant is a third-party debt collector and is not an officer or employee of a creditor attempting to collect a debt on behalf of the same. Therefore, Defendant is not covered by either subsections (A) or (B) of section (6) of § 1692a of the FDCPA.

12. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5).

## Factual Allegations

13. Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter dated May 31, 2024.

14. The alleged debt Defendant attempted to collect from Plaintiff is for $798.38 originating from Vision Landscaping. The total amount that Defendant was attempting to collect, namely $798.38, is made up of the an alleged principal balance of $700 and $98.38 in interest.

15. A true and correct copy of the letter that Defendant sent Plaintiff is attached hereto as Exhibit A.

16. The collection letter represents that Plaintiff owes an outstanding bill and requests that he contact Defendant's office "immediately" to resolve the alleged outstanding debt.

17. Nowhere does the collection letter provide Plaintiff notice that unless Plaintiff disputes the debt within thirty (30) days of the initial communication, Defendant will assume the debt's validity.

18. Nowhere does the collection letter provide Plaintiff notice that Defendant must verify the debt in writing if Plaintiff sends Defendant written notice of dispute within thirty (30) days of the initial communication.

19. Moreover, Defendant does not make any disclosures that it is a debt collector until the very bottom of the page.

20. Defendant's letter overshadows Defendant's obligation to give Plaintiff notice that unless Plaintiff disputes the debt within thirty (30) days of the initial communication, Defendant will assume the debt's validity.

21. Defendant's letter overshadows Defendant's obligation to give Plaintiff notice that Defendant must verify the debt in writing if Plaintiff sends Defendant written notice of dispute within thirty (30) days of the initial communication.

22. Ultimately, these communications mislead Plaintiff as to the nature of his rights. Furthermore, Plaintiff felt harassed, anxious, and annoyed as a result of Defendant's conduct.

## Class Allegations

23. Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

24. Plaintiff represents, and is a member of the following classes:

> All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that stated that did not state that

consumer have 30 days to dispute the debt or request validation and that Defendant will otherwise assume the debt's validity.

25. As a result of Defendant's conduct, Plaintiff and members of the Class have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant. Defendant mislead Plaintiff and the Classes into believing, through Defendant's material omissions, that they lacked certain rights and Defendant lacked certain obligations.

26. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes members number to be in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in a class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

   i. Failed to notify in writing within five (5) days after the communication that the debt will be assumed valid unless consumer disputes the debt within thirty (30) days;

   ii. Failed to notify in writing within five (5) days after the communication that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days;

   iii. Overshadowed the disclosures required by the FDCPA, 15 U.S.C. § 1692g(a); and

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in consumers who continue to lack notice of their rights and Defendant's obligations.

32. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

36. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

37. A debt collector must make the disclosure required by FDCPA § 1692g(a)(3), which Defendant failed to do.

38. A debt collector must make the disclosure required by FDCPA § 1692g(a)(4), which Defendant failed to do.

39. A debt collector must not overshadow the disclosures required by 15 U.S.C. § 1692g(a) during the thirty (30) day dispute period, which Defendant in fact did.

40. A debt collector must not make representations to consumers or debtors during the thirty (30) day dispute period that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(b).

41.     As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)
c. For actual damages according to proof;
d. For reasonable attorneys' fees and costs of suit;
e. For prejudgment interest at the legal rate; and
f. For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, hereby does demand a jury trial.

Dated: July 9, 2024

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Attorneys for Plaintiff

8
**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**